UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

THOMAS CONRY, BRITTANY CAMERON KELSEY DAKER, KATHRYN FOLLETT, CHRISTINA HALL, DANIELLE HARRIS, CAREY LAVELLEE, AMY MOORE, ASHLEY OROZCO, JESSICA PATRICH, HAILEY RONAYNE, NICOLE SATTERLY, SYDNEY SEGRETTO, ROBYN SUSSMAN, and LAILA VOLLE individually and on behalf of all others similarly situated,

                              **Plaintiffs,**

                -against-

GERBER PRODUCT COMPANY, PERRIGO COMPANY PLC, L. PERRIGO COMPANY, and PBM NUTRITIONALS, LLC,

                              **Defendants.**

ORDER GRANTING MOTION TO APPOINT INTERIM CO-LEAD COUNSEL, LIAISON COUNSEL AND A DISCOVERY COMMITTEE AND APPROVING WITH ONE MODIFICATION THE PLAINTIFFS' PROPOSED TIME AND EXPENSE PROTOCOL AND FORM FOR MONTHLY TIME AND EXPENSE SUBMISSIONS

24-cv-6784 (NG) (AYS)

------------------------------------------------------------ x

**GERSHON, United States District Judge:**

      Pursuant to Rule 23(g)(3), and after having considered the factors contained in Rule 23(g)(1), the Plaintiffs' unopposed motion to appoint Interim Co-Lead Counsel, Liaison Counsel, and a Discovery Committee is granted. The court appoints Jeffrey J. Corrigan of Spector Roseman & Kodroff, P.C., Joshua Snyder of Boni Zack & Snyder LLC, and Simon Paris of Saltz Mongeluzzi and Bendesky PC as Interim Co-Lead Counsel and Jeffrey J. Corrigan of Spector Roseman & Kodroff, P.C. as Interim Liaison Counsel for the proposed classes. The court appoints Gustafson Gluek, PLLC, Lockridge Grindal Nauen, PLLP, Fine Kaplan & Black, RPC, Pearson Warshaw, LLP, and NastLaw, LLC as Members of the Discovery Committee, and Michelle Looby of Gustafson Gluek, PLLC as Chair of the Discovery Committee.

Additionally, the Plaintiffs being in agreement [see Dkt. No. 138], the court adopts Paragraphs 3 through 7 of Judge Henry E. Hudson's Order of June 6, 2024, which provided as follows:

> 3. Interim Co-Lead Counsel shall have sole authority over the following matters on behalf of Plaintiffs and the Classes: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing, and argument of all motions; (c) the scope, order, and conduct of all discovery proceedings; (d) making such work assignments among themselves and other counsel as they may deem appropriate; (e) collecting contemporaneously-kept time and expense reports from all Plaintiffs' counsel on a periodic basis; (f) the retention of experts; (g) designation of which attorneys shall appear at hearings and conferences with the Court; (h) the timing and substance of any settlement negotiations and/or settlement with Defendants; (i) the allocation of fees among the various firms doing work in the case, if any are awarded by the Court; and (g) other matters concerning the prosecution of the case.
>
> 4. Interim Co-Lead Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs and the Classes. Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel and such agreements shall be binding on all Plaintiffs.
>
> 5. Only Interim Co-Lead Counsel may initiate or direct the filing of any motions on behalf of Plaintiffs and the Classes.
>
> 6. Interim Liaison Counsel shall (a) communicate with the Court on behalf of Interim Co-Lead Counsel or other class counsel, (b) receive and distribute any notices, orders, motions, briefs or other correspondence that are not filed on ECF on behalf of and among Interim Co-Lead Counsel, (c) sign and file all papers and stipulations (via ECF or by hand, as appropriate), and (d) perform any other function the Court or the Interim Co-Lead Counsel may request.
>
> 7. On a monthly basis, Interim Co-Lead Counsel shall collect reports of contemporaneously prepared attorney and paralegal time and expense records from each firm working on behalf of Plaintiffs. On a monthly basis, each Plaintiffs' firm that may seek an award of a fee by the Court shall transmit to Interim Co-Lead counsel a report summarizing according to each separate activity the time and expense spent by its members, associates or staff during the preceding month, the ordinary billing rates of such attorneys in effect during that time, and the accumulated total of the firm's time, hourly rates and expenses to date.

Furthermore, the Plaintiffs' proposed time and expense protocol and proposed form for monthly time and expense summary, which are attached as Exhibits A and B, respectively, of the Plaintiff's letter of November 20, 2024 [see Dkt. No. 138], are approved and must be complied with, with the sole modification that alcohol is not a reimbursable expense. As proposed by the Plaintiffs, Joshua Snyder of Boni, Zack & Snyder LLC will be responsible for ensuring compliance with the guidelines specified in the proposed protocol and for collecting and maintaining all of the Plaintiffs' counsel's time and expense submissions.

**SO ORDERED.**

_____/S/_____
**NINA GERSHON**
**United States District Judge**

December 11, 2024
Brooklyn, New York